## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BELARMINIA  ORTIZ, | **ECF/CM Case** |
| Plaintiff, | **Case No.     18-10869** |
| v. | **COMPLAINT** |
| CITY OF NEW YORK, | |
| Defendant. | JURY TRIAL REQUESTED |

### NATURE OF ACTION AND THE PARTIES

1.        This is an action brought pursuant to the Equal Pay Act, 29 U.S.C. §§ 206, et seq.; and the New York State Equal Pay Act, N.Y. Labor Law § 194 as well as claims of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); the New York State Human Rights Law "NYSHRL"), Executive Law §§ 290 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.

2.        The plaintiff Belarminia Ortiz ("Plaintiff" or "Ortiz") is an employee of the City of New York's Department of Investigation ("City," "DOI" or "Defendant").

3.        The defendant, City of New York, Department of Investigation ("City," "DOI" or "Defendant") is the City's investigative arm. They have oversight of the City's various internal investigative units in numerous City agencies and departments who investigate fraud, corruption and other financial crimes against eh City of New York.

### JURISDICTION AND VENUE

4.        This Court has original jurisdiction over all claims pursuant to 28 U.S.C. §

1

1343 and the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d) *et seq*. This Court has supplemental

jurisdiction over the plaintiff's state and city law claims pursuant to 28 U.S.C. § 1367.

5.        Venue is proper in the Southern District of New York pursuant to 29 U.S.C. §

1391(b), as DOI resides in and has its principal place of business in this district and a

substantial portion of events giving rise to Plaintiff's claims occurred in the district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.        After having filed a charge of discrimination with the New York State Division of

Human Rights, and after an exhaustive investigation, DOI's excuses for unlawful discrimination

was soundly rejected and Final Determination supporting Ortiz's charge of unlawful workplace

discrimination was upheld on or about October 27, 2017.

7.        After timely requesting an administrative remedy so that she may preserve her

State law claim, and after receiving her Notice of Right to Sue from the U.S. Equal Employment

Opportunity Commission, Ortiz commenced this action against DOI.

## FACTUAL ALLEGATIONS

8.        Ortiz commenced her employment with DOI in September 1996 as Confidential

Investigator. Ortiz's primary responsibilities include handling investigations regarding

allegations of fraud, bribery, sexual abuse, assault, and other corrupt activities involving,

primarily, NYC Department of Correction officials.

9.        Throughout her employment with DOI, Ortiz received multiple title changes

leading to her current title of Assistant Inspector General (AIG) in July 2007.

10.       Unlike the non-Hispanic AIG's, Ortiz did not receive salary increases

2

commensurate with such an appointment.

11.     In June 2014, Ortiz requested a salary increase equal to that of a non-Hispanic AIG; however, Deputy Commissioner Michael Carroll informed her that there was no money available to Ortiz and those similarly situated.

12.     The following year Ortiz discovered that between 2014 and 2015, several other non-Hispanic employees were promoted to the position of AIG or Inspector General with a significant salary increase.

14.     In July of 2015, Ortiz again requested a salary increase in parity with the non-Hispanic AIG's. Her request was denied under a pretext that she was not qualified for such and increase because of poor performance.

15.     In July 2016, Ortiz wrote the First Inspector General detailing her extensive experience and success as an investigator at DOI and requesting a salary increase to put her salary in parity with the other AIG's.

16.     In response to her complaint letter, Ortiz received an annual salary increase of $5,000, which is less than one-quarter of the amount that would bring her salary in-line with the non-Hispanic AIG's.

## COUNT I
## UNEQUAL PAY IN VIOLATION OF THE EQUAL PAY ACT

17.     Ortiz repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

18.     At all times relevant to this action, Ortiz was employed by DOI within the meaning of the Equal Pay Act.

19.     At all times relevant to this action, DOI was an employer within the meaning of

3

the Equal Pay Act.

20.     The acts, practices and policies of DOI as set forth above constitute discrimination against Ortiz, in violation of the Equal Pay Act by unlawfully paying female Hispanic employees less than non-Hispanic employees for equal work.

21.     DOI's violation of the Equal Pay Act was willful and/or reckless thereby entitling Ortiz to all available damages the Equal Pay Act.

## COUNT II
## VIOLATION OF THE NEW YORK STATE EQUAL PAY ACT

22.     Ortiz repeats and realleges each and every allegation contained in each paragraph above with the same force and effect as if fully set forth herein.

23.     At all times relevant to this action, Ortiz was employed by DOI within the meaning of Article 6 of the New York Labor Law §§ 190, et seq.

24.     DOI violated the right of Ortiz to be paid the same as male employees performing equal work, in violation of New York Labor Law § 194.

25.     DOI was aware of complaints and requests for investigation made by Ortiz and other similarly situated employee about unfair pay practices but did not rectify or investigate its unlawful pay practices.

26.     The acts, practices and policies of DOI as set forth above constitute discrimination against Ortiz in violation of the New York State Equal Pay Act, N.Y. Labor Law § 194, et seq.

27.     DOI violation of the New York Labor Law §§ 190, et seq., was therefore willful within the meaning of N.Y. Labor Law § 198 thereby entitling Ortiz to all available damages the

Labor Law.

## COUNT III
## DISCRIMINATION IN VIOLATION OF TITLE VII

28.     Ortiz repeats and realleges each and every allegation contained in each paragraph above with the same force and effect as if fully set forth herein.

29.     Ortiz was at all times relevant to this complaint an employee of DOI within the meaning of Title VII.

30.     DOI, through its agents and employees, discriminated against Ortiz in the terms and conditions of her employment giving her the substantially less benefits and conditions of employment than similarly situated non-Hispanic employees.

31.     DOI's acts, practices and policies were done with malice and in reckless disregard of the protections and mandates of Title VII.

32.     The discriminatory practices and policies of DOI caused Ortiz to suffer emotional distress and to incur economic damages.

## COUNT IV
## DISCRIMINATION IN VIOLATION OF THE NYSHRL

33.     Ortiz repeats and realleges each and every allegation contained in each paragraph above with the same force and effect as if fully set forth herein..

34.     Ortiz was at all times relevant to this complaint, employed by DOI within the meaning of the NYSHRL

DOI, through its agents and employees, discriminated against Ortiz in the terms and conditions of her employment by, inter alia, paying her less and providing less in the terms and conditions

of similarly situated non-Hispanic employees.

35.     The acts, practices and policies of DOI as set forth above constitute discrimination against Ortiz, in violation of the NYSHRL.

36.     The practices and policies of DOI caused Ortiz to suffer emotional distress and to incur economic damages.

## COUNT V
## DISCRIMINATION IN VIOLATION OF THE NYCHRL

37.     Ortiz repeats and realleges each and every allegation contained in each paragraph above with the same force and effect as if fully set forth herein.

38.     Ortiz was at all times relevant to this complaint, employed by DOI within the meaning of the NYCHRL.

39.     DOI, through its agents and employees, discriminated against Ortiz in the terms and conditions of her employment by, inter alia, paying her less and providing less in the terms and conditions of similarly situated non-Hispanic employees.

40.     The acts, practices and policies of DOI as set forth above constitute discrimination against Ortiz, in violation of the NYCHRL.

41.     The practices and policies of DOI caused Ortiz to suffer emotional distress and to incur economic damages.

## PRAYER FOR RELIEF COMMON TO ALL COUNTS

**WHEREFORE**, Ortiz demands judgment as follows and for the Court to grant further relief as may be necessary and proper as follows:

(a)     Find that DOI discriminated against Ortiz in violation of the Equal Pay Act; the

New York State Equal Pay Act; Title VII of the Civil Rights Act of 1964; the New York State Human Rights Law, N.Y. Executive Law §§ 290 et seq.; and the New York City Human Rights Law, N.Y.C. Admin Code §§ 8-101 et seq.;

(b)     Enjoin DOI from violating the Equal Pay Act and the New York State Equal Pay Act by paying Ortiz and other Hispanic employees at rates lower than men for substantially similar work;

(c)     Enjoin DOI from violating Title VII, the NYSHRL and NYCHRL by discriminating against Hispanics in the terms and conditions of their work;

(d)     Award Ortiz back pay together with all other benefits to which she is entitled, with prejudgment interest on all Counts;

(e)     Award plaintiff compensatory damages, including damages for mental anguish, pain and suffering and humiliation;

(f)     Award plaintiff punitive damages;

(g)     Award plaintiff liquidated damages pursuant to the Equal Pay Act, 29 U.S.C. § 216(b), and the N.Y. Labor Law Article 6 ¶ 198 1-a;

(h)     Award plaintiff liquidated damages in the amount of one quarter of plaintiff's back pay for the six years prior to the filing of this complaint, due to defendants' willful and intentional conduct directed at plaintiff in violation of the New York State Equal Pay Act, N.Y. Labor Law § 194., pursuant to New York Labor Law Article 6 ¶ 198 1-a;

(i)     Award plaintiff the cost of this action together with reasonable attorney's fees and costs; and,

(j)     Award plaintiff such other relief as this Court deems necessary and proper.

7

## **JURY DEMAND**

Ortiz demands a jury trial for all issues triable by jury.


Dated:  New York, New York
        November 19th, 2018


                                        MASON LAW, PLLC
                                        *Attorneys for Plaintiff*
                                        11 Broadway – Sixth Floor
                                        New York, New York 10004
                                        (212) 498-9691


                                        By:_____
                                            D. Christopher Mason