UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

Belarminia Ortiz,

                    Plaintiff,

   -against-

City of New York,

                    Defendant.

------------------------------------------------------------- X

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

18 Civ. 10869 (AKH)



ALVIN K. HELLERSTEIN, U.S.D.J.:

Filed November 20, 2018, Belarminia Ortiz ("plaintiff"), a Hispanic woman, brings this discrimination action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human Rights Law "NYSHRL"), Executive Law §§ 290 *et seq.*, and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 *et seq.* ("NYCHRL") against her employer, the City of New York ("City" or "defendant"). Plaintiff, an Assistant Inspector General ("AIG") in the City's Department of Investigation ("DOI"), alleges that she was discriminated against because of her race and gender and that she received lower pay than similarly-situated non-Hispanic colleagues. Plaintiff seeks back pay, compensatory damages for mental anguish, attorneys' fees, and injunctive relief. The City moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant's motion is granted in part and denied in part.

## Background

The following facts are taken from plaintiff's amended complaint ("complaint" or "Compl."), which I must "accept[] as true" for the purpose of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the complaint, plaintiff began her career at the DOI in September 1996 as a Confidential Investigator and has worked as an AIG since July 2007. Compl. ¶¶ 8–9. During her tenure and following appointment to subsequent positions, plaintiff alleges that she did not receive salary increases appropriate to the positions and commensurate with those of non-Hispanic AIGs. Compl. ¶ 10.

Plaintiff alleges that in 2014, she requested a salary increase that would place her in parity with her colleagues, but she was informed by the Deputy Commissioner that insufficient funding was available to Ortiz and those "similarly situated." Compl. ¶ 11. Plaintiff alleges that between 2014 and 2015, several non-Hispanic employees were promoted to AIG or Inspector General with significant salary increases. Compl. ¶ 12.

Plaintiff alleges that in 2015, she again sought a pay increase to place her "in parity with the non-Hispanic" AIGs and that her request was denied because of lack of qualifications and poor performances, reasons she claims were pretextual. Compl. ¶ 15. The complaint alleges that after pressing her cause in writing to the First Inspector General in 2016, plaintiff received a salary increase of $5,000, which she alleges is still at least $15,000 less than "the amount that would bring her salary in-line with the non-Hispanic" AIGs. Compl. ¶¶ 15–16.

## Procedural History

After plaintiff filed her first complaint, asserting claims under Equal Pay Act, 29 U.S.C. § 206, et seq. ("EPA"); the New York State Equal Pay Act, N.Y. Labor Law § 194 ("SEPA"); Title VII, NYSHRL, and NYCHRL, the City moved to dismiss, citing the failure of the complaint to refer to a male comparator. In response, rather than amending the complaint to incorporate such references, plaintiff filed the amended complaint at issue here, withdrawing the EPA and SEPA claims.

## Discussion

Defendant moves to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. In ruling on a motion to dismiss, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001), *as amended* (Apr. 20, 2001). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Reasoning that fairness required that the plaintiff be protected from early-stage dismissal for lack of evidence demonstrating the employer's discriminatory motivation before the employer set forth its reasons for the adverse action it took against the plaintiff, the Supreme Court ruled that, in the initial phase of the case, the plaintiff can establish a prima facie case without evidence sufficient to show discriminatory motivation." *Littlejohn v. City of New York*,

795 F.3d 297, 307 (2d Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "To the same extent that the *McDonnell Douglas* temporary presumption reduces the facts a plaintiff would need to show to defeat a motion for summary judgment prior to the defendant's furnishing of a non-discriminatory motivation, that presumption also reduces the facts needed to be *pleaded* under Iqbal." *Id.* at 311. "The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation." *Id.*

### A. Title VII Discrimination Claim

To make out a prima facie case of employment discrimination under Title VII, a plaintiff must show "(1) that she is a member of a protected class; (2) that she was qualified for employment in the position; (3) that she suffered an adverse employment action; and, in addition, has (4) some minimal evidence suggesting an inference that the employer acted with discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015). "To establish a prima facie case of disparate pay under Title VII, a plaintiff must show: (1) that he was a member of a protected class; (2) that he was paid less than similarly situated non-members of his protected class; and (3) evidence of discriminatory animus. *Thomas v. iStar Fin., Inc.*, 438 F. Supp. 2d 348, 367 (S.D.N.Y. 2006), *aff'd*, 629 F.3d 276 (2d Cir. 2010).

Defendant does not dispute that plaintiff is a member of protected classes and has alleged that she is qualified for her position. As to the third and fourth elements, defendant argues that plaintiff fails to plead sufficient comparators, that is, the existence of male, non-Hispanic AIGs who perform work substantially similar in all material respects, and that

4

plaintiff's allegations, even if accepted as true, are insufficient to give rise to an inference of discrimination.

1. Adverse Employment Action

An adverse employment action is a "a *materially significant disadvantage* with respect to the terms of [the plaintiff's] employment." *Littlejohn*, 795 F.3d at 312 n.10. Defendant concedes that a claim of unequal pay constitutes a "materially adverse employment action." *Butler v. New York Health & Racquet Club*, 768 F. Supp. 2d 516, 532 (S.D.N.Y. 2011).

"Because unequal pay is a relative concept, the key inquiry is whether the plaintiff has provided adequate comparators who are 'similarly situated in all material respects.'" *LeeHim v. New York City Dep't of Educ.*, No. 17-cv-3838 (PAE), 2017 WL 5634128, at *6 (S.D.N.Y. Nov. 21, 2017) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). Plaintiff and comparators need not be identical. *See Raspardo v. Carlone*, 770 F.3d 97, 126 (2d Cir. 2014) (analyzing employee discipline context). The standard for pleading "all material respects" is context-specific, and specific allegations of job function, experience, and qualifications are not always required. *See, e.g., Brown v. Daikin Am., Inc.*, 756 F.3d 219, 230 (2d Cir. 2014) (rejecting lack-of-comparators arguments); *but see LeeHim*, 2017 WL 5634128, at *6 ("What constitutes 'all material respects' varies from case to case, but in the disparate pay context, a plaintiff typically must plead comparators' relevant experience and length of employment in order to raise an inference of discrimination.") (citing *Gupta v. N.Y.C. Sch. Const. Auth.*, 305 Fed. Appx. 687, 689 (2d Cir. 2008) (on summary judgment, hiring of employees "eminently qualified" in direct comparison to plaintiff did not give rise to inference of discrimination)).

5

Defendant's argument on insufficient comparators is unpersuasive. The complaint alleges that non-Hispanic employees appointed to the AIG position received salary increases, unlike plaintiff. Moreover, implicit in plaintiff's allegation that "$5,000 . . . is less than one-quarter of the amount that would bring her salary in-line with that of non-Hispanic AIG's" is that there is a population of non-Hispanic AIGs, with comparable responsibilities, performance, and characteristics, who earn $15,000 more than plaintiff after her salary increase.

Plaintiff's allegations are sufficiently specific. She pleads a time period for the alleged pay disparity: the time of her promotion to AIG, in 2007, through the present. She alleges the extent of the disparity: at least $20,000 before her most recent pay increase, and $15,000 afterwards. While plaintiff would benefit from alleging her salary, it is the difference between her salary and that of comparable employees, and not the absolute values, that is actionable. The complaint's references to "several other non-Hispanic employees . . . promoted to the position of AIG . . . with a significant salary increase" are sufficiently comparable to plaintiff at the time of her promotion to support an inference of discrimination. These allegations are more specific than those in *LeeHim v. New York City Dep't of Educ.*, which alleged only that plaintiff earned "among one of the lower salaries in contrast to the other members of the Leadership team" and that "there is a 'striking disparity' . . . between what the DOE pays women and what it pays men who are all at the same seniority level among the Leadership Team." 2017 WL 5634128, at *6. Defendant's citation to *Reid v. Time Warner Cable*, No. 14-cv-3241 (DLI) (RML), 2016 WL 743394, at *5 (E.D.N.Y. Feb. 22, 2016), is similarly unpersuasive. Unlike *Reid*, plaintiff has alleged a timeframe, the extent for the pay disparity, and, by citing her attempts to increase her salary, some basis for her allegation of unequal pay.

6

To the extent that defendant cites *LeeHim* for the proposition that plaintiff must plead the relevant experience and length of employment of comparators, I decline to follow it. The two cases that *LeeHim* cites for this position, *Gupta v. N.Y.C. Sch. Const. Auth.*, 305 Fed. Appx. 687, 689 (2d Cir. 2008) and *Sharpe v. MCI Commc'ns Servs., Inc.*, 684 F. Supp. 2d 394, 405 (S.D.N.Y. 2010)), were decided at summary judgment, not at pleading. *Humphries v. City Univ. of New York*, No. 13-cv-2641 (PAE), 2013 WL 6196561, at *7 (S.D.N.Y. Nov. 26, 2013), also cited by *LeeHim*, relies on the same cases. *Mohan v. City of New York*, which defendants cite for the same proposition, similarly relies for authority on cases decided at summary judgment. No. 17-cv-3820 (KPF), 2018 WL 3711821, at *11 (S.D.N.Y. Aug. 3, 2018). Even at summary judgement, "[o]rdinarily, the question whether two employees are similarly situated is a question of fact for the jury." *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003).

With respect to plaintiff's claim of sex-based discrimination, defendant correctly observes that the complaint lacks any references to acts giving rise to the inference of gender discrimination and fails to explicitly allege the existence of similarly situated male AIGs earning more than plaintiff. Although the complaint does not foreclose the possibility that at least one person among the non-Hispanic AIGs allegedly earning $15,000 a year more than plaintiff is male, plaintiff's decision to withdraw, rather than supplement, her sex-based EPA claims upon the filing of her amended complaint is telling. Accordingly, I find that, while plaintiff has adequately pleaded a claim for race-based discrimination under Title VII, her claim must be dismissed as to any sex-based discrimination claims.

## 2. Inference of Discriminatory Motivation

"An inference of discrimination can arise from circumstances including, but not limited to, . . . the more favorable treatment of employees not in the protected group." *Littlejohn*, 795 F.3d at 312. A large alleged difference in the pay of plaintiff and others not in the protected class is a clear example of such favorable treatment and is sufficient for the purposes of pleading.

"[T]he evidence necessary to satisfy th[e] initial burden" of establishing that an adverse employment action occurred under circumstances giving rise to an inference of discrimination is 'minimal.'" *Littlejohn*, 795 F.3d at 313 (quoting *Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001)). An allegation of such circumstances may independently satisfy plaintiff's requirements at pleading. *See id.* (the allegation of one of the identified circumstances "will ordinarily suffice for the required inference of discrimination at the initial prima facie stage of the Title VII analysis, including at the pleading stage.").

Second Circuit cases suggest no requirement to allege additional indica of discriminatory animus. *See, e.g., Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001) ("[T]he mere fact that a plaintiff was replaced by someone outside the protected class will suffice for the required inference of discrimination."); *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994) ("In assessing the inferences that may be drawn from the circumstances surrounding a termination of employment, the court must be alert to the fact that [e]mployers are rarely so cooperative as to include a notation in the personnel file that their actions are motivated by factors expressly forbidden by law.") (internal quotation marks removed). While some district court cases suggest more is required to raise an inference of discrimination, they are not binding on me, and I decline to follow them. *See, e.g., McCullough v. Xerox Corp.*, 224 F. Supp. 3d 193, 199 (W.D.N.Y. 2016) ("It is well settled that claims of

8

disparities in pay, without more, are insufficient to demonstrate discriminatory animus."); *Humphries*, 2013 WL 6196561, at *7 ("A bald allegation that one of [plaintiff's] white colleagues—of unknown years of service, training, or experience-made 20% more than [plaintiff's] starting salary is not enough, standing alone, to raise an inference of discrimination.").

Plaintiff's allegations are sufficient to raise the inference of discrimination, and they extend beyond a single instance of pay disparity. In addition to the pay disparity alleged to be continuing as of the filing of the complaint, plaintiff alleges that other non-Hispanic AIGs received raises upon promotion to AIG or Inspector General, unlike plaintiff. Moreover, plaintiff alleges that, when plaintiff raised the issue of pay in 2014 with Deputy Commissioner Michael Carroll, he informed her that no funding was available to the plaintiff and those similarly situated. I conclude that the allegations are sufficient to raise an inference of race-based discrimination.

### B. Discrimination on the Basis of Race and Gender under the NYSHRL and the NYCHRL

Notwithstanding a more liberal standard of review, analysis under plaintiff's NYHRL claim parallels that of Title VII. *See Tolbert v. Smith*, 790 F.3d 427, 435–36 (2d Cir. 2015). Because the NYCHRL was amended "to require that its provisions 'be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title[,] have been so construed,'" NYCHRL claims must be analyzed "separately and independently from any federal and state law claims."

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). "To establish a gender discrimination claim under the NYCHRL, the plaintiff need only demonstrate 'by a preponderance of the evidence that she has been treated less well than other employees because of her gender.'" *Id.* "The plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive." *Id.*

For the same reasons that plaintiff's Title VII claims were sufficient, plaintiff's NYCHRL claims are also sufficiently pleaded. In the absence to any reference to a male comparator earning more than plaintiff and only the most conclusory of allegations, her sex-based discrimination claim fails even under the more liberal standard of the NYCHRL. As discussed, by failing to add these allegations in her amended complaint, plaintiff appears to have conceded as much.

## Conclusion

For the reasons stated, defendant's motion to dismiss the complaint is denied, except to the extent of her sex-based discrimination claims. The oral argument previously scheduled for June 3, 2019 is unnecessary and is cancelled. The parties shall appear for an initial pretrial conference on June 14, 2019, at 10 a.m., to chart further progress in this case. The clerk is instructed to terminate the motions (ECF 8, 13).

SO ORDERED.

Dated: May 20, 2019
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge