UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

BELARMINIA ORTIZ,

                               Plaintiff,

          -against-

CITY OF NEW YORK,

                             Defendant.
------------------------------------------------------------------- X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/2020
```

**STIPULATION AND PROTECTIVE ORDER**

18 Civ. 10869 (AKH)

       **WHEREAS,** for the purpose of discovery in this case, Plaintiff has requested that Defendant produce, and Defendant may elect to produce for purposes of their defenses, documents and other information pertaining to: personal and private information concerning certain individuals who are not parties to this action; and other documents which may later be produced that the City designates as confidential; and

       **WHEREAS,** for the purpose of discovery in this case, Defendant has indicated that it intends to request that Plaintiff produce, and Plaintiff may elect to produce for purposes of her claims, documents and other information pertaining to: personal and private information concerning Plaintiff or non-parties, along with other documents which may later be produced that Plaintiff designates as confidential; and

       **WHEREAS,** Plaintiff and the undersigned counsel on behalf of Defendant have conferred and agree that some of the requested documents are properly designated "Confidential Information" as further defined below and must be protected from unnecessary disclosure (hereinafter, "Confidential Information"); and

WHEREAS, such Confidential Information must not be disclosed to any person or entity not involved in this lawsuit, or used for any purpose other than discovery, settlement, preparation, trial, and appeal of this action;

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

1. **Definitions:** As used herein the following terms shall be defined as follows:

    a. **Confidential Information.** "Confidential Information" shall include information, documents, data, portions of discovery materials, if any, including but not limited to deposition transcripts, interrogatory answers, and responses to requests for admissions, if the information contained therein has not been made publicly available and is the kind of information Plaintiff or Defendant believe in good faith to be business confidential or personal information. Personal information means Confidential Information that includes individually identifiable personal information about any individual including, but not limited to, Plaintiff or Defendant, the City of New York's present or former officials, employees, representatives, or agents, and other individuals the parties have involved to assist in the litigation of this matter, and includes but is not limited to social security numbers, personnel files, dates of birth, financial information, personal contact information, medical and health information, and performance ratings, performance information, workers' compensation information, information relating to a spouse, partner or

2

dependent, equal employment opportunity information, labor relations information, discipline documentation, promotion information, compensation information, monetary transaction information, employment benefit information, retirement information and termination information, and other information as agreed by the Parties on an individual basis, pursuant to federal rules or law, or ordered by the Court.

      b.    **Designating Party and Non-designating Party.** Designating Party means the party who designated documents or information produced pursuant to this Protective Order as "Confidential" as set forth herein. The Non-designating Party is the other party who did not make such a designation for the same document or information.

    2.    **Production of Confidential Information.** If at any time, Confidential Information is produced in its original form, it will be treated as Confidential Information as set forth below.

    3.    **Method of Designating Documents and Information Confidential.** Any information the Designating Party intends to be Confidential shall be so designated prior to production by either marking "Confidential" on each page of the document or otherwise marking the Confidential Information "Confidential" in a fairly conspicuous fashion, or by designating in writing the Bates-stamp numbered pages to be so designated. In addition, either party may designate portions of deposition testimony as "Confidential" at the time of the deposition or within thirty (30) days after receipt of the final transcript by the Designating Party. If a portion of deposition testimony is designated "Confidential," the court reporter shall mark that portion of the transcript accordingly in the text of the transcript itself. This Protective Order does not

preclude or waive a deponent's right to assert objections or respond to objectionable questions consistent with accepted practice of depositions.

4. **Subsequent Designation.** Documents and/or materials produced in the Litigation that are not identified as Confidential Information when they were initially produced may thereafter (including within a reasonable time after entry of this Order), be designated as Confidential by any Party by providing written notice to counsel for all other Parties and any other person who received such documents or materials. Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

5. **Contesting Confidential Designations.** A Non-designating Party may object to the designation of information as "Confidential" by notifying counsel for the Designating Party in writing at any time during the litigation. The Parties will first try to resolve any disputes in good faith on an informal basis, but if a resolution is not reached, either Party may seek appropriate relief from the Court. Until the Court issues an order resolving the dispute, the Parties shall treat the disputed documents as Confidential as originally designated. The burden of proof on the issue of whether a particular document or particular information is properly designated as confidential remains at all times on the party who is the proponent of the contention that the information is confidential.

6. **Disclosure of Confidential Information.** Information designated as "Confidential" and documents containing information that is "Confidential" shall be used solely

for the purpose of this action, and, unless the Court for good cause shown rules otherwise, such information shall not be disclosed to any person other than the following qualified recipients:

    a.    the Parties' counsel of record in this action, and the members of their firm and/or office, including any contractors or individuals engaged by the parties in connection with performing services in this litigation or disposition of this action;

    b.    the Parties to the action or their employees, if necessary for the litigation or disposition of this action and/or strategy decisions, who are assisting with or involved in the litigation of this action;

    c.    the court reporter(s) or videographer(s) undertaking his or her duties in a deposition relating to this matter;

    d.    deponents, during the course of their depositions;

    e.    any judge or other personnel of the Court, before which this matter is pending (including any appeal), in order to perform the duties of the Court; and

    f.    persons retained by any party to furnish expert services to advise or to give expert testimony in this action, or persons specially employed by a Party or engaged by the parties for the litigation or disposition of this action to perform investigative work, data entry, or fact research, who have reviewed and consented to be bound by this Protective Order by executing Exhibit A, further described in paragraph 6, below.

Confidential Information or documents disclosed to persons defined in subparagraphs (a) through (f) above shall not be disclosed by them to any other person not

included within the foregoing subparagraphs (a) through (f) of paragraph 5, nor shall any such information be used by any such person for any purpose other than discovery, settlement, preparation, trial, and appeal of this action. These individuals shall be so advised of their duty to maintain confidentiality.

Any depositions taken in this action (where either the Confidential Information or the documents containing Confidential Information may be disclosed or utilized) shall be attended only by the deponent, the deponent's attorney, any individual selected by Plaintiff to appear to assist with the deposition, the Parties, the Parties' counsel of record, the court reporter and/or videographer. All persons attending any deposition(s) in this case shall be subject to this Protective Order. Should any Confidential Information be disclosed in a deposition, all Confidential Information and/or documents disclosed therein, and any transcripts made of such deposition, shall be treated in accordance with the terms of this Protective Order.

7. **Production of Confidential Information to Experts.** The Non-designating Party's counsel shall provide a copy of this Protective Order to any person identified in 5(f) above who is to be provided access to the Confidential Information or documents containing Confidential Information and shall require such expert to sign a written statement (to be held by the Non-designating Party's counsel) submitting to this Court's jurisdiction (for the purpose of enforcing this Protective Order) before receiving such information or documents. The form of such statement shall be consistent with Exhibit A, attached hereto.

8. **Use of Confidential Information.** Neither the documents containing Confidential Information, nor the Confidential Information contained therein, shall be utilized, copied or reproduced except as needed in connection with this litigation. All copies shall be maintained within the possession and control of the Parties' counsel of record. Any summary or

copy of the Confidential Information or the documents containing Confidential Information shall be subject to the terms of this Protective Order. Except as further provided in this Protective Order, neither Party nor its counsel shall in any way, directly or indirectly, publish or disseminate any Confidential Information without the permission of the Designating Party. The prohibitions in this paragraph include, but are not limited to, any acts to post on a website(s), any acts to publish in any internet "chat room," public discussion site, or social media site or application, any acts to provide the information to a journalist, newspaper, magazine, or other publication, and/or any acts otherwise to disseminate the information. Portions of affidavits, deposition transcripts, expert reports, briefs and other court filings quoting, excerpting or summarizing Confidential Information shall be similarly protected from dissemination or disclosure. *See Individual*

(AKH)

9. **Filing Documents Under Seal.** ~~Confidential documents may be used in support of, and, in opposition to, motions and at trial. If either party seeks to file a document containing Confidential information, the filing party should take all reasonable measures to have the document filed under seal.~~ *Rule of Practice IV.*

10. **No Waiver of Confidentiality, Attorney-Client Privilege or Work Product Doctrine.** Nothing in this Protective Order shall be deemed to require disclosure of material protected by the attorney-client privilege or the work-product doctrine. The inadvertent production of any other information or document during this litigation shall be without prejudice to any claim that the inadvertently disclosed document contains Confidential Information, attorney-client privileged information, information protected by the attorney work-product doctrine, or information protected by any other legally-recognized privilege, and a Party shall not be held to have waived any rights by an inadvertent production. If a Designating Party

7

inadvertently produces a document, the Non-designating Party shall return the original and all copies of the document pursuant to a written request and shall not use any information thus obtained unless allowed to do so by the Court.

11. **Maintenance of Confidential Information.** Maintenance of the Confidential Information and documents containing Confidential Information shall be subject to further order of the Court and nothing in this Protective Order shall preclude any party from applying to the Court to modify the terms of this Protective Order. The Parties, however, shall engage in good faith efforts to resolve requests to modify this Protective Order prior to bringing such requests to the Court's attention.

12. **Admissibility at Trial or Hearing.** Nothing in this order shall be construed to affect the admissibility of any document, material or information at any trial or hearing.

13. **Return or Destruction of Information.** Upon written request made **after** final termination of this action, including any appeals, all documents containing Confidential Information, including copies, reproductions, abstracts, indices, summaries, and excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties, and materials that have been admitted into evidence in this action), shall, within 60 days of such written request, be returned to the producing party or destroyed by the Parties and/or experts who received production of those materials upon written request, with written verification of the destruction to the producing party. *Exhibits to motions and hearings shall be preserved.* [AKH]

8

14. **Limitations on Use.** Nothing in this Stipulation and Protective Order shall be construed to limit the producing party's use of the Confidential Materials in any manner.

Dated:   New York, New York
         November 27, 2019

MASON LAW, PLLC
11 Broadway, 6th Floor – Suite 615
New York, New York 10004-1409
(212) 498-9691- Telephone
(212) 498-992 - Fax
cmason@masonlawpllc.com

By: _____
Christopher Mason, Esq.

JAMES E. JOHNSON
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-169
New York, New York 10007
Tel: (212) 356-2445
nigreen@law.nyc.gov

By: _____
Nicholas Green
Assistant Corporation Counsel

SO ORDERED: *as amended*

Jan. 22, 2020
Date

_____
U.S.D.J.

9